UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONIQUE SANDERS, DARLA SOICH, and CHRISTOPHER HARRISON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>IBEX GLOBAL SOLUTIONS, INC., and IBEX LIMITED,<br><br>Defendants. | CASE NO. 1:22-cv-00591-TNM |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM

WHEREAS, a putative class action is pending before the Court entitled *Sanders et al., v. Ibex Global Solutions, Inc. and Ibex Limited*, Case No. 1:22-cv-00591-TNM;

WHEREAS, MONIQUE SANDERS, DARLA SOICH and CHRISTOPHER HARRISON ("Plaintiffs" or "Settlement Class Representatives"), for themselves and on behalf of the Settlement Class, and IBEX GLOBAL SOLUTIONS, INC. and IBEX LIMITED ("Ibex" or "Defendants"), have agreed to settle any and all claims relating to a data security incident affecting Ibex which occurred on or about July 27, 2020 through August 17, 2020 (the "Data Incident");

WHEREAS, the Parties' Settlement Agreement and Release ("Settlement Agreement"), together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants for the claims of the Settlement Class upon the terms and conditions set forth in the Settlement Agreement, and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties and the motion of Plaintiff seeking preliminary approval of the Settlement Agreement, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. Terms and phrases in this order shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action, the Plaintiff, the Class, and Defendants, and venue is proper in this Court.

**Settlement Class Certification**

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a Class consisting of the following:

> All individuals who were sent notification by Ibex that their personal information was or may have been compromised in the Data Incident.

4. The Class specifically excludes: (i) all Class Members who timely and validly request exclusion from the Class; and (ii) the Judge presiding over the Action, and members of their direct families.

5. The Court provisionally finds, for settlement purposes only, that: (a) the Class is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact common to the Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Class as Settlement Class Representatives have no interest antagonistic to or in conflict with the Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members

predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

6.  The Court hereby appoints Plaintiffs MONIQUE SANDERS, DARLA SOICH and CHRISTOPHER HARRISON as Settlement Class Representatives. The Court provisionally finds that the Settlement Class Representatives are similarly situated to absent Class Members and therefore typical of the Class and that they will be adequate Settlement Class Representatives.

7.  The Court hereby appoints Federman and Sherwood and Murphy Law Firm as Class Counsel under Federal Rule of Civil Procedure 23(a)(4), finding that Class Counsel is well-qualified and experienced. The Court appoints Milberg Coleman Bryson Phillips Grossman, PLLC as Liaison Counsel.

**Preliminary Approval**

8.  Plaintiffs has moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against Defendants. The Court, having read and considered the Settlement Agreement and having received the Parties' arguments in support of the Settlement Agreement, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing.

9.  The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class as to their claims against Defendants. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and

provides beneficial relief to the Settlement Class. The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive arms' length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance of experienced mediator Hon. John Thornton (Ret.); (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23; and (d) is not a finding or admission of liability by Defendants.

**Notice and Administration**

10. Postethwaite & Netterville is hereby appointed as Settlement Administrator and shall perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this order.

11. The Court finds that the Notice and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 1 through 4 thereto (the "Notice Program") is reasonably calculated to, under the circumstances, apprise the members of the Class of the pendency of this action, the certification of the Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process and constitutes the best notice practicable under the circumstances.

12. The Court thus hereby approves the Notice Program, including the proposed Notice documents attached as Exhibits 1 through 4 to the Settlement Agreement. The Court also approves the plan for claims administration, including the Claim Forms attached as Exhibits 3 and 4 to the Settlement Agreement. The Parties may, by agreement, revise the Notice and Claims Forms in

ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13. Within fourteen (14) days of entry of the Preliminary Approval Order, Ibex shall provide the Settlement Administrator with a list of the names and the current or last known addresses of the Class Members and a list of returned mailings for the members of the Settlement Class to whom the original notice of the Data Incident was returned and/or undeliverable.

14. Pursuant to the Settlement Agreement, after the entry of this Preliminary Approval Order, and subject to the requirements of the Settlement Agreement and this Preliminary Approval Order, the Parties, through their counsel, shall coordinate with the Settlement Administrator to provide Notice pursuant to the Notice Program as follows:

   a    Within thirty (30) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice to the Settlement Class Members, substantially in the form annexed to the Settlement Agreement as Exhibit 1.

   b    Class counsel may request that the Settlement Administrator mail reminder notices to Settlement Class members who have not yet submitted a Postcard Claim Form and/or Claim Form, with such reminder notices to be mailed, if at all, thirty (30) days prior to the Claims Deadline.

   c    A copy of the Settlement Long Form Notice will be made available to the Class Members on the Settlement website to be maintained by the Settlement Administrator. The website shall be maintained for no less than one month after the Effective Date. The website will include copies of the Complaint, Settlement Agreement, Motion for Preliminary Approval,

                Preliminary Approval Order, Settlement Long-Form Notice, Claim Form, motion for Class Counsel's attorneys' fees, expenses, Motion for Final Approval, and Order and Final Judgment. The website shall also provide applicable Settlement deadlines and answers to frequently asked questions.

      d.    The Settlement Administrator will provide a phone line for additional information or answers to frequently asked questions. In addition, the Settlement Administrator will provide an option to speak with a live customer service representative.

15. Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form. The deadline to submit a Claim Form is ninety (90) days after the initial mailing of the Notice.

**Exclusion**

16. Class Members who wish to exclude themselves from the Class for purposes of this Settlement may do so by submitting an opt-out request to the Settlement Administrator prior to the opt-out deadline to be specified in the Notice which date shall be sixty (60) days from the date the Notice is mailed by the Settlement Administrator. The opt-out request must comply with the exclusion procedures set forth in the Settlement Agreement. Each Class Member desiring to exclude him or herself from the Settlement Class shall timely submit, by U.S. Mail, written notice of such intent to the designated address set forth in the Settlement Postcard Notice and/or Settlement Electronic Notice. The written notice must clearly manifest the intent to opt-out from the Settlement Class and must include: (i) the name of the Action ("*Sanders v. Ibex Global Solutions, Inc.*"); (ii) the full name, address, and personal signature of the person requesting to be excluded; (iii) the words "*Request for Exclusion*" at the top of the document or a comparable

6

statement that the individual does not with to participate in the Settlement at the top of the document. A request for exclusion may not request exclusion of more than one member of the Class. Mass opt-outs are not permitted.

17. Any member of the Class who timely requests exclusion consistent with these procedures may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement. Any member of the Class who fails to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment.

**Objections**

18. Any member of the Class who has not timely filed an opt-out request may object to the granting of final approval to the settlement. Any Class Member may object on their own or may do so through separate counsel at their own expense. Any objection must be mailed to the Settlement Administrator, no later than sixty (60) days from the date the Notice is mailed by the Settlement Administrator.

19. Any written objection to the Settlement must include: (i) the name of the Action ("*Sanders v. Ibex Global Solutions, Inc.*"); (ii) the Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) copies of any documents supporting the objection; (vi) the identity of any attorneys representing the objector; (vii) a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (viii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection

to a class action settlement; and (ix) the signature of the Class Member or the Class Member's attorney.

20. Any member of the Class who fails to file and serve a timely written objection in compliance with the requirements of this order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

**Fairness Hearing**

21. A fairness hearing (the "Final Approval Hearing" or "Fairness Hearing") shall be held before this Court on March 10, 2023, at 10:00 AM at the U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Courtroom 2, Washington, D.C., 20001, or by videoconference or telephonic means, to consider: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a final judgment should be entered; (c) whether to award payment of attorneys' fees, costs, and expenses to Class Counsel and in what amount; and (d) whether to award payment of a service award to the Settlement Class Representative and in what amount. The Court may adjourn the Fairness Hearing without further notice to Class Members. If the Court chooses to hold the Fairness Hearing by videoconference or telephonic means, notice will be posted on the Settlement Website.

**Miscellaneous Provisions**

22. To protect its jurisdiction to consider the fairness of the Settlement Agreement and to enter a final order and judgment having binding effect on all Class Members, the Court hereby enjoins all members of the Class, and anyone who acts or purports to act on their behalf, from

pursuing all other proceedings in any state or federal court that seeks to address rights or claims of any Released Party or Class Member relating to, or arising out of, any of the Released Claims. This prohibition will be effective upon notice to members of the class.

23.     Class Members shall be bound by all determinations and judgments concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

24.     All case deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

25.     Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

26.     In the event that this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural posture in effect prior to entry of this Order. Neither party, nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

27.     The Settlement Agreement is not a concession or admission, and shall not be used against Presidio or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Ibex or any of the Released Parties. Whether or not the

Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement Agreement, nor any reports or accounts thereof, shall in any event be:

    a    Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication, or admission by Ibex or any of the Released Parties of any liability, fault, wrongdoing, omission, concession, or damage; or

    b    Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, or in any other civil or administrative action or proceeding, except for purposes of settling the Action pursuant to the Settlement Agreement and by the Parties for purposes of enforcing the Settlement Agreement.

## Summary of Deadlines

The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Completion Deadline:** 30 days after Preliminary Approval

**Motion for Final Approval:** at least 14 days before Final Approval Hearing

**Motion for Service Awards, Attorneys' Fees and Costs:** 14 days prior to the Opt-Out Deadline and Objection Deadline

**Opt-Out Deadline:** 60 days after Preliminary Approval

**Objection Deadline:** 60 days after Preliminary Approval

**Claims Deadline:** 90 days after Notice Deadline

**Final Approval Hearing:** at least 100 days after Preliminary Approval

**IT IS SO ORDERED** this 17th day of November, 2022.

*[signature]*

Hon. Trevor N. McFadden
United States District Judge