UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONIQUE SANDERS, DARLA SOICH, and CHRISTOPHER HARRISON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>IBEX GLOBAL SOLUTIONS, INC., and IBEX LIMITED,<br><br>Defendants. | CASE NO. 1:22-cv-00591-TNM |

## FINAL APPROVAL ORDER AND JUDGMENT

**WHEREAS,** Plaintiffs MONIQUE SANDERS, DARLA SOICH and CHRISTOPHER HARRISON, individually and on behalf of all others similarly situated (collectively "Plaintiffs), by Class Counsel, Federman & Sherwood and Murphy Law Firm, having moved this Court for an Order granting final approval of class action settlement, and Defendants IBEX GLOBAL SOLUTIONS, INC. and IBEX LIMITED (collectively "Ibex" or "Defendants"), through their attorneys, Gordon Rees Scully Mansukhani, LLP, having appeared at the hearing;

**WHEREAS,** this Court granted preliminary approval of the parties' Settlement Agreement in the above-captioned action ("Action") on November 18, 2022 ("Preliminary Approval Order");

**WHEREAS,** notice to the class members ("Class Members") was sent in accordance with the Preliminary Approval Order providing an opportunity for Class Members to receive benefits under the Settlement Agreement, opt-out, or submit objections;

**WHEREAS,** zero Class Members submitted objections or Opt-Out Statements;

**NOW,** upon the reading of the Settlement Agreement and annexed exhibits and memorandum of law in support of plaintiffs' motion for final approval of class action settlement, and after hearing counsel for all of the parties at the March 10, 2023 fairness hearing and after due

1

deliberation having been held thereon, the Court grants final approval of the Settlement Agreement, and hereby find and orders for purposes of settlement only:

1. Capitalized terms used in this Order and Judgment and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members with respect to the following Class certified under Rule 23 of the Federal Rules of Civil Procedure: All individuals who were sent notification by Ibex that their personal information was or may have been compromised in the Data Incident.

3. The Court hereby fully, finally, and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action.

4. The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service award to the Settlement Class Representative.

5. An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

6. The Court hereby orders that the Settlement Agreement shall be implemented in accordance with its terms and conditions pursuant to the Settlement Agreement.

7.    In accordance with the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees in the amount of 28% of the Settlement Fund and reimbursement of litigation expenses in the amount of $10,039.44, to be paid as specified in the Settlement Agreement.

8.    In accordance with the Settlement Agreement, Settlement Class Representatives are hereby awarded Four Thousand Dollars and Zero Cents ($4,000.00) each, for a total of Twelve Thousand Dollars and Zero Cents ($12,000.00), to be paid as specified in the Settlement Agreement.

9.    Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to the Defendants, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

10.    Each Settlement Class Member is bound by this Judgment and Order, including, without limitation, the release of certain claims as set forth in the Settlement Agreement, which includes as follows:

> any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had or have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that have been or could have been asserted in the Action or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action, including but not limited to those concerning:

(1) the alleged access, disclosure and/or acquisition of Settlement Class Members' personal information in the Data Incident; (2) Ibex's maintenance of Settlement Class Members' personal information as it relates to the Data Incident; (3) Ibex's information security policies and practices as it relates to the Data Incident; and/or (4) Ibex's provision of notice to Settlement Class Members following the Data Incident.

11. As of the final date of the Opt-Out Period, zero potential Class Members have submitted a valid request to be excluded from the Settlement. The names of those persons are set forth in Exhibit A to this Order. Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

12. The Court has considered all of the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

14. In the event that the Settlement Agreement does not become effective in accordance with the Settlement Agreement, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

15. The Court hereby find that there is no just reason for delay of entry of this Judgment and hereby directs its entry.

Without affect the finality of this Judgment in any way, this Action shall remain open and the Court hereby retains continuing jurisdiction over (a) implementation of this Settlement Agreement; (b) disposition of the settlement funds; and (c) all parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement and this Judgment.

IT IS SO ORDERED this /04 day of March, 2023.

_____
Hon. Trevor N. McFadden
United States District Judge